## WILLIAM S. LELAND vs. GEORGE ADAMS.

A testator left three sons, each of whom had several children, and a granddaughter who was the child of a deceased son. By his will he gave to his three sons the use of certain real estate for eighteen years, and also made provision for his granddaughter for the same time; and directed that all his property should be sold at the expiration of eighteen years, "and divided as follows, namely, one half of the same between" his three sons "and the other half to be divided between" his grandchildren, namely, his granddaughter and the children of his three sons "in equal proportions. Should either of the said grandchildren have deceased at that time, the part that would have come to him or her had they lived to go to the others of the same family if living; if not, to their parents." The property was sold accordingly. *Held,* that the granddaughter was entitled to one fourth of the entire property.

CHAPMAN, J. This action is brought to recover a legacy given to Elizabeth C. Adams, the plaintiff's testatrix, in the will of Joseph Adams, the defendant's testator. Joseph Adams died,

leaving two sons, Benjamin and Charles H., who were not made legatees in his will, because they had been already provided for; also three sons, John, George and Joseph T., each of whom had children, and Elizabeth C., his granddaughter, who was the only daughter of a deceased son. For the term of eighteen years from the date of the will, he gave to the three sons the income of his real estate in Roxbury, to be' equally divided between them, and to Elizabeth C. the income of one thousand dollars, and the use of a handsome room and an upper chamber. At the expiration of that period he directed that his property should be sold at auction, and the proceeds divided as follows: " One half of the same between my sons John, George and Joseph T., and the other half to be divided between my grandchildren, viz: Elizabeth C. Adams, and the children of my sons John, George and Joseph T., in equal proportions. Should either of said grandchildren have deceased at that time, the part that would have come to him or her had they lived, to go to the others of the same family if living; if not, to their parents."

John had six children, and George and Joseph T. had four each. The defendant contends that the half given as above to the grandchildren was given to be divided *per capita.* This would give Elizabeth C. only one fifteenth of that half. The answer to this construction of the will is, that the division is to be " in equal proportions," and this is inconsistent with the scheme of division *per capita* in case some of the grandchildren should die. For example, if a part of John's six children should die, the surviving ones would take a larger proportion than the other grandchildren. If they should all die, it would go to their parents, and not to the other grandchildren, and thus the proportions would be unequal. This inconsistency with the idea of a gift *per capita* indicates an intention to give *per stirpes.* If his scheme was a division *per stirpes*, then the two sentences above quoted must be construed as follows: " the other half to be divided between my grandchildren, viz: Elizabeth C. Adams, (as one party representing her father's family,) and the children of my sons John, George and Joseph T. (representing their respective families) in equal proportion. That is, one fourth to

her, and the other fourth to be divided into three equal parts; and one part given to the children of each son, and to the son himself in case all his children should die. Such a construction makes the proportions *per stirpes* perfectly equal. Three fourths go to the three sons and their respective children, and the part given to their children comes back to each parent in case all his children die before the time of distribution; so that each parent and his children get one fourth. The other fourth goes to Elizabeth C., who represents the deceased son. The provision made for her during the eighteen years previous to the division indicates that the testator regarded her as being substantially on an equality with his sons, and not on an equality with their children as an object of bounty.

There is another possible construction which may be given to the words quoted. As between the grandchildren of the testator, including Elizabeth C., a construction which should give her one fourth of the one half would divide that half in equal proportions between her and the children of John, George and Joseph T. *per stirpes.* But in case all the children of one of the sons should die before the time of distribution, the division would be unequal on that scheme, and it would also be inconsistent with the idea of treating her as representing her father. This construction, therefore, is not to be adopted.

On examination of the authorities cited, and some recent cases that have been decided in this court, as to whether legatees take *per capita* or *per stirpes*, we find nothing that is at variance with this interpretation of the will. The plaintiff is accordingly entitled to one fourth of the property.

*W. S. Leland,* for the plaintiff.

*J. P. Healy & G. Morrill,* for the defendant.